IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00989-PSF-PAC

CAMERON A. MOORE,

    Plaintiff,

v.

PATRICIA DE LARIOS PEYTON, d/b/a DeLarios Peyton Investigations;
ROBERT W. SHOMER, d/b/a www.eyewitnessid.com; and
DOES 1 - 20,

    Defendants.

_____

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

Patricia A. Coan, United States Magistrate Judge

This is a diversity case.[1]  The *pro se* plaintiff, Cameron A. Moore, asserts claims of perjury, invasion of privacy, and defamation by libel and/or slander against defendant Patricia De Larios Peyton, *id.* ¶¶ 17-34, and fraud, obstruction of justice, intentional infliction of emotional distress, and negligent infliction of emotional distress against all defendants. *Id*. ¶¶ 35-52.

This case was referred to the undersigned on June 20, 2005 for pretrial case management and recommendations on dispositive motions.  The matters now pending before the court are Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [filed August 29, 2005; doc. #7] and Plaintiff's Motion in the Alternative [filed September 20, 2005, doc. # 11].  The motions are fully briefed, and the court has determined that

---

[1] Mr. Moore  erroneously claims that venue is proper under 28 U.S.C. § 1391 and that the court has jurisdiction under 28 U.S.C. § 1404.   See Comp. ¶16.

05-cv-00989-PSF-PAC
March 20, 2006

oral argument would not be of material assistance.

**I. Background**

The operative pleading is plaintiff's May 31, 2005 Complaint, which contains the following allegations:

Jon Eisenberg, a California appellate attorney, was hired to appeal a late 2001 or early 2002 Santa Clara, California, County Court Decision, styled *Varian v. Delfino and Day* (Santa Clara County Court Case # 1-99-cv-780187), on behalf of the defendants there, Delfino and Day. Comp. ¶ 1. In 2002, Delfino and Day reported to law enforcement officers that certain persons were making threats against them. *Id.* ¶ 5. Eisenberg contacted FBI officials in California, who investigated the threats, including questioning Mr. Moore, who was cooperative with the FBI. *Id.*

Defendant Patricia DeLarios Peyton resides in San Francisco, California. *Id.* at 1-2. Eisenberg hired Peyton to investigate a number of individuals including Mr. Moore in connection with the Delfino and Day case. *Id.*, ¶ 6. Peyton wrote a "Report of Investigation," which included "false and damaging" claims about plaintiff Mr. Moore, including allegedly false claims that Moore had made threats via the internet, lied to FBI investigators, and had "cyberstalked" others, *id.*, ¶¶ 7,9, on behalf of individuals named "Zdaisiuk" and "Forquet." *Id.*, ¶ 8. Eisenberg wrote to the FBI and an assistant United States prosecutor about the statements Moore allegedly made. *Id.*, ¶ 9. Peyton corroborated the statements in her report in a January 29, 2003 declaration. *Id.*, ¶ 10.

Defendant Robert W. Shomer resides in Encino, California. *Id.* at 2. Eisenberg hired Shomer to provide an expert opinion that it was "highly probable" that Mr. Moore

-2-

05-cv-00989-PSF-PAC
March 20, 2006

was present at the Zdaisiuk-Forquet wedding. *Id.* ¶ 11.   Shomer's expert opinion was used in the appellate brief on behalf of Delfino and Day. *Id.* ¶ 13.   In the brief, Eisenberg wrote that Mr. Moore made threats via internet postings and email against Delfino, Day and their counsel.  See *id.*

The FBI arrested Mr. Moore on February 13, 2003 in Loveland, Colorado, *id.* at ¶ 12, charging him with making threatening communications in violation of Title 18, U.S.C. §875.[2]  *Id.*, at ¶ 13.  Due to the arrest, Mr. Moore had to defend himself in a criminal action for about seven months.  *Id.*, ¶ 12.  Plaintiff was terminated from his employment at Agilent Technologies at some point following his February 13, 2003 arrest, which plaintiff claims was a direct result of the arrest. *Id.*  Plaintiff contends that his arrest was due in part to Peyton and Shomer's actions. *Id.*, ¶ 15.

Plaintiff alleges that Peyton made false statements concerning plaintiff in a sworn declaration, illegally invaded plaintiff's privacy by accessing plaintiff's private employment records, and made defamatory statements about Mr. Moore in her January 29, 2003 declaration. *Id.*, at ¶¶ 17-34.  Plaintiff claims that all defendants wrote fraudulent expert opinions, reports, and declarations, obstructed justice, and intentionally and negligently inflicted emotional distress on plaintiff. *Id.*, ¶¶ 35-52.

Plaintiff seeks actual, special, and compensatory damages against all defendants.  See *id.,* ¶ 53, and prayer for relief.

## II. Standard of Review

The party bringing an action in federal court bears the burden of showing that

---

[2] The record does not indicate the exact nature of the charges against Moore.

05-cv-00989-PSF-PAC
March 20, 2006

the case falls within the court's subject matter jurisdiction and that the court has personal jurisdiction over the parties. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). Where the defendant's challenge to the court's subject matter jurisdiction is lodged as a facial attack on the complaint, the court must accept the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If the defendant goes beyond the allegations of the complaint and challenges the facts upon which subject matter jurisdiction depends, the court may not presume the truthfulness of the plaintiff's factual allegations, but must resolve disputed issues of fact. *Id.* at 1003. In such a case, the court's reference to documents outside the pleadings does not convert the Rule 12(b)(1) motion into a Rule 56 motion. *Id.*

When a defendant moves for dismissal based on lack of personal jurisdiction and the court does not hold an evidentiary hearing, the plaintiff need only make a prima facie showing that such jurisdiction is present. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)(internal citations omitted). "The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." *Id.* If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and "the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Id.* However, only the well pled facts of plaintiff's complaint, as distinguished from mere conclusory allegations, must be accepted as true. *Ten Mile Indus. Park v. Western Plains Serv. Corp.*, 810 F.2d 1518, 1524 (10th Cir.1987); *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir.1976).

*Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519,

05-cv-00989-PSF-PAC
March 20, 2006

520-21 (1972).  A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  All reasonable inferences must be resolved in plaintiff's favor.  *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted).  Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also, Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994).

### III. Analysis

A.  Defendants' Motion to Dismiss for Lack of Personal Jurisdiction

All named defendants have moved to dismiss the amended complaint under Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction.[3]  Jurisdiction is a threshold issue which should be addressed prior to consideration of the merits.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998).  Jurisdiction of the district court over a nonresident defendant in a suit based on diversity is determined by the law of the forum state. See Fed.R.Civ.P. 4(e); see also *Omni Capital International v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1416 (10th

---

[3] Defendants also argue that plaintiff fails to state claims under Fed. R. Civ. P. 12(b)(6) but their primary argument is lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). *See* August 29, 2005 Motion to Dismiss for Lack of Personal Jurisdiction at 2. With the exception of the "Does 1-20" named in the caption of the complaint, I do not address the Rule 12(b)(6) argument but recommend disposing of the motion as it relates to defendants Shomer and Peyton under Rule 12(b)(2).

05-cv-00989-PSF-PAC
March 20, 2006

Cir.1988).

The determination of personal jurisdiction requires the Court to engage in a two part inquiry.  First, the Court must determine whether there is a basis for jurisdiction under Colorado's long-arm statute, COLO.REV.STAT. § 13-1-124.  Second, the Court must determine whether the exercise of jurisdiction violates principles of due process under the United States Constitution.  *Wenz*, 55 F.3d at 1506-07.

*1.  Colorado's Long-Arm Statute*

Colorado's long-arm statute provides for personal jurisdiction over persons who transact business within Colorado or who commit a tortious act within the state.[4]  A plaintiff has the burden of making a prima facie showing of threshold jurisdiction. See *Fleet Leasing Inc v. District Court*, 649 P.2d 1074 (Colo. 1982).  To meet that burden, Mr. Moore must state sufficient facts in his complaint to support a reasonable inference that  Shomer and/or Peyton engaged in conduct which would subject him or her to in personam jurisdiction under the Colorado long-arm statute.  See *Shon v. District Court*, 605 P.2d 472 (Colo. 1980).

Mr. Moore does not allege that either Shomer or Peyton transacted business

---

[4]The statute states:

§13-1-124. Jurisdiction of courts
(1) Engaging in any act enumerated in this section by any person, whether or not a resident of the state of Colorado, either in person or by an agent, submits such person and, if a natural person, such person's personal representative to the jurisdiction of the courts of this state concerning any cause of action arising from:
(a) The transaction of any business within this state;
(b) The commission of a tortious act within this state. . .

Section 13-1-124(1)(a) and (b), COLO.REV.STAT. (2005)

-6-

05-cv-00989-PSF-PAC
March 20, 2006

within Colorado.  In his complaint, Mr. Moore states only that, because of Shomer's and Peyton's actions, the FBI arrested plaintiff in Loveland, Colorado; that he thereafter had to defend himself against criminal charges for seven months; and, that as a result of the arrest, his employment with Agilent Technologies was terminated.  See Comp., ¶ 12. In his response to defendants' Motion to Dismiss, Mr. Moore claims that the statement "injury to Plaintiff occurred while a resident and citizen of Colorado," see Plaintiff's Opposition to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Opposition) at 2-3, meets the pleading requirement for a tortious act committed in Colorado.  See *id.*

In order for Colorado's long-arm statute to apply to defendants, the alleged tortious act must have been committed within the state of Colorado. *Lachina v. Futura*, 260 F.Supp. 252 (D.Colo. 1966).  The fact that a plaintiff residing in Colorado experiences damages resulting from alleged tortious conduct in another state is insufficient to confer personal jurisdiction over non-resident defendants.  *Wenz*, 55 F.3d at 1508.  Disclosure of information outside of Colorado does not constitute a tortious act within Colorado and does not fall under Colorado's long-arm statute. *First Western Government Securities, Inc. v. United States*, 578 F. Supp. 212 (D.Colo. 1984).  There is no indication from Mr. Moore or from either Mr. Shomer or Ms. Peyton that any of defendants Shomer's and Peyton's complained-of actions occurred within the state of Colorado.  Peyton and Shomer performed their investigations in California and reported the results of their investigations to Eisenberg in California.

Colorado's long arm statute will encompass, however, tortious conduct outside the state of Colorado if the alleged tortious conduct proximately results in a direct injury

-7-

05-cv-00989-PSF-PAC
March 20, 2006

in Colorado that is neither consequential nor remote.  *Wenz*, 55 F.3d at 1507-8.  Here, Eisenberg hired Peyton and Shomer in California; they performed investigations in California; and they reported their findings to Eisenberg in California.  Eisenberg then contacted the California Office of the FBI; subsequently, according to plaintiff, the FBI allegedly used the information defendants gave Eisenberg to arrest plaintiff in Loveland, Colorado.  See Comp., ¶ 12.

Mr. Moore contends that because of Shomer's and Peyton's actions in California, plaintiff was directly injured in Colorado.   See Comp. generally and Comp., ¶ 12.  In his Opposition, Mr. Moore argues that the requirements of Section (1)(b) of Colorado's long-arm statute are met because

> [d]efendants acted in manner [sic] that was purposefully directed at Plaintiff Moore, a resident of Colorado, and the instant litigation arises entirely as a direct result of said purposefully directed actions....Plaintiff Moore worked at Hewlett Packard in Loveland, CO, during 1999 and 2000, yet Defendant Peyton illegally accessed Moore's records which were created and maintained in Colorado regardless of where Defendant Peyton may have illegally seen a facsimile or electronic copy.

Opposition  at 3.

Mr. Moore further claims that "[d]amages and injuries to Plaintiff were direct to and completely contained within the State of Colorado; Plaintiff has lived and worked in Colorado (and continues to) during the time when Defendants' acts of negligence occurred."  *Id.*

I recommend finding that plaintiff's arrest was arguably only one impact of Eisenberg's contact with the FBI, which contact was based at least in part, on Shomer's and Peyton's reports to Eisenberg.  The fact that a plaintiff who resides in Colorado experiences damages or consequences as a result of tortious conduct in another state

-8-

05-cv-00989-PSF-PAC
March 20, 2006

is insufficient to confer personal jurisdiction in Colorado over the resident tortfeasors of another state. See *Wenz*, 55 F.3d at 1508. Mr. Moore was arrested in Colorado, because he happens to be a resident of Colorado. The arrest was one of many effects of Shomer's and Peyton's work in California; their report to Eisenberg and their investigations and reporting were far removed from the FBI's decision to arrest plaintiff. Those circumstances are insufficient to establish personal jurisdiction over Shomer and Peyton in Colorado. See *McAvoy v. District Court*, 757 P. 2d 633 (Colo. 1988)(where Colorado resident was injured in an accident with a Washington resident due to alleged negligence in Washington, the allegations of subsequent treatment for the injury, and effects of the accident which were manifested in Colorado, were not sufficient to establish in personam jurisdiction under the long arm statute). Because Mr. Moore's complaint and his statements in response to defendants' motion to dismiss do not state the facts required to assert jurisdiction over defendants Peyton and Shomer under Section (1)(b) of the Colorado long-arm statute, I recommend dismissal on that ground.

　　2. *Due Process*

Even if the court had in personam jurisdiction over Shomer and Peyton under Colorado's long-arm statute, that jurisdiction is limited by the restrictions of the Due Process Clause of the United States Constitution. *Mr. Steak, Inc. v. District Court*, 574 P.2d 95, 96 (Colo.1978) (*en banc*). "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' " *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)). In other words, the defendant must have

05-cv-00989-PSF-PAC
March 20, 2006

certain "minimum contacts" with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)(same).  To establish sufficient minimum contacts, the plaintiff must show that: (1) the defendant purposely availed himself of the privilege of acting in the forum state or of causing consequences in that state; (2) the cause of action arises from the consequence in the forum state of the defendant's activities; and (3) a substantial connection exists between the defendant's activities and the forum state to make the exercise of jurisdiction reasonable.  *International Shoe,* 326 U.S. at 310; see also *Federated Rural Electric Ins. Corp v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994)(internal citation omitted)(minimum contacts satisfied if the court can conclude that the defendant "has "purposefully availed' [himself] of the protection and benefits of the laws of the forum state.").

The Court can only surmise from the complaint that plaintiff is claiming his arrest here in Colorado was somehow a result of Peyton's and/or Shomer's activities in California.  There is no jurisdictional statement in the complaint, other than the incorrect references in the Complaint at paragraph 16.   It is undisputed that both Shomer and Peyton are residents of California.  Both provided affidavits stating that they performed all the actions alleged in this case within the state of California.  *See* Defs. Reply, Ex. A, Peyton Aff., ¶ 7; Ex. B, Shomer Aff., ¶ 5.  Peyton further avers that she searched national databases, searched public news groups, and interviewed experts and individuals at Agilent and Hewlett Packard, whose offices are in California.  *Id.*, Ex. A,

05-cv-00989-PSF-PAC
March 20, 2006

Peyton Aff. ¶¶ 4-5. Shomer avers that he acted as an expert witness for attorney Eisenberg in the state of California in connection with the *Varian v. Delfino and Day* litigation in California. *Id.*, Ex. B, Shomer Aff, ¶ 2. Shomer finally states that he had no contact with anyone in the state of Colorado. *Id.*, ¶ 5. It is further undisputed that Eisenberg filed the complaint with the FBI in California. *See* Comp. at ¶¶ 8-9; Defs. Reply at 3-6.

Plaintiff responds that as a direct result of the actions of Peyton and Shomer, he was damaged in Colorado. Opposition at 2-3. Plaintiff further maintains that Peyton viewed records generated from Moore's employment in Colorado, and that Peyton appears to have known information that plaintiff claims could have only been learned by speaking to persons in Colorado.[5] Mr. Moore does not, however, provide affidavits from any person with whom Peyton and Shomer supposedly spoke in Colorado. Mr. Moore also is unable to state any other facts to support his belief that the defendants interviewed people in Colorado, reviewed records in Colorado, or received information about plaintiff from any source in Colorado. *See* Pl. Sur Reply at 5-6. Indeed, plaintiff's speculations about defendants' contacts with Colorado are squarely rebutted by Shomer's and Peyton's sworn affidavits.[6]

On a motion to dismiss, the allegations of the complaint are taken as true to the extent they are not contradicted by affidavits. *American Land Program, Inc. v.*

---

[5] *See* Opposition, doc. #11 at 3 and Plaintiff's Sur Reply to "Defendants' Reply Brief in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction" [filed December 15, 2005], doc. #18 at 2-3.

[6] Plaintiff claims that Peyton is dishonest and that she made false statements about plaintiff, but plaintiff's statements are conclusory and speculative; he provides no evidence to prove his belief that Peyton is either dishonest or that she made false statements. *See* Plaintiff's Sur Reply to "Defendants' Reply Brief in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction" at 2-5.

05-cv-00989-PSF-PAC
March 20, 2006

*Bonaventura*, 710 F.2d 1449, 1454 (10th Cir. 1983)  Where a defendant has countered the claim of personal jurisdiction with a sworn affidavit, however, a plaintiff who offers no sworn statement to contradict the assertions in defendant's affidavit but merely makes conclusory allegations in [his] complaint and briefs, will not meet the threshold burden of establishing personal jurisdiction. See *id.*

Here, Mr. Moore not only fails to state facts in his complaint sufficient to allege sufficient contacts with Colorado to assert in personam jurisdiction over Shomer or Peyton, but he also fails to provide contradictory competent testimony to rebut Shomer's and Peyton's affidavits.  Plaintiff cannot meet his burden of a prima face threshold showing of "minimum contacts" to assert personal jurisdiction over Shomer and Peyton; accordingly, they should be dismissed.

*3.  John Does 1-20*

The record shows that despite having filed his complaint over ten months ago, plaintiff has not identified any of the "Does1-20" listed in the caption of his complaint, nor did he assert any claims against any unknown persons in his complaint. In his response, plaintiff states only that he believes other defendants may be found in Colorado.  See Opposition at 3.  Absent identification of or any statement of claims against unknown persons, however, the "Does 1-20" should be dismissed under Rule 12(b)(6) for plaintiff's failure to state a claim against any of them.

B.  Plaintiff's Motion in the Alternative

Plaintiff moves, in lieu of dismissal, for removal of this action to the United States District Court in the District of Southern California in Santa Ana, California.  *See* Opposition at 4.  The Court considers plaintiff's request as a motion for  transfer under

05-cv-00989-PSF-PAC
March 20, 2006

28 U.S.C. § 1404.

28 U.S.C. § 1404 (a) states "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The party moving for transfer bears the burden of showing that transfer is proper. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

Mr. Moore did not make any attempt to state any grounds for transfer of this matter to California. He has thus failed to meet his burden of showing that a transfer of the case to California would be appropriate, and the motion should be denied.

### IV. Recommendations

For the reasons stated, it is

**RECOMMENDED** that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, Doc. # 7, be GRANTED; it is further

**RECOMMENDED** that plaintiff's Motion in the Alternative to Transfer the Action to the United States District Court in the District of Southern California in Santa Ana, California under 28 U.S.C. § 1404  [doc. #11, filed September 20, 2005] be DENIED; it is further

**RECOMMENDED** that defendants' request for attorney fees and costs in filing their motion to dismiss be DENIED; it is further

**RECOMMENDED** that this complaint and action be DISMISSED in its entirety.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the**

05-cv-00989-PSF-PAC
March 20, 2006

**proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 20th  day of March, 2006.

BY THE COURT:

 s/ Patricia A. Coan
 PATRICIA A. COAN
 United States Magistrate Judge