IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 05-cv-00989-PSF-PAC

CAMERON A. MOORE,

     Plaintiff,

v.

PATRICIA DE LARIOS PEYTON, d/b/a DeLarios Peyton Investigations;
ROBERT W. SHOMER, d/b/a www.eyewitnessid.com; and
DOES 1-20,

     Defendants.

_____

**ORDER ON MAGISTRATE JUDGE RECOMMENDATION
OF MARCH 20, 2006**
_____

     This matter comes before the Court on the Recommendation of the Magistrate Judge dated March 20, 2006 (Dkt. # 20), in which she recommended that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. # 7) be granted pursuant to Rule 12(b)(2), F.R.Civ. P.

     More than twenty days have elapsed since the recommendation was filed and neither party has objected to the recommendation.

     The Magistrate Judge recommended that defendants' motion to dismiss be granted because the plaintiff failed to allege facts in his complaint sufficient to establish minimum contacts with Colorado to allow for the exercise of in personam jurisdiction over Defendants Peyton or Shomer. The Magistrate Judge also recommended a denial

of plaintiff's request, appearing only in his response brief, to transfer this case to California (Dkt. # 11).

In making this determination the Magistrate Judge correctly stated the two-pronged analysis the Court must consider in making jurisdictional determinations. *See Wenz v. Memery Crystal,* 55 F.3d 1503 (10th Cir. 1995). First, the Court must determine whether the exercise of jurisdiction is sanctioned by Colorado's long-arm statute, and second, whether such exercise comports with due process under the United Stated Constitution. *Id.* at 1506-07.

Essentially, plaintiff alleges that Defendant Peyton was retained by a California lawyer named Jon Eisenberg to perform an investigation and Defendant Shomer was retained to prepare an "expert report" on the contents of a videotape, both relating to whether plaintiff was involved in alleged threats made to clients of Eisenberg's in California (Complaint, ¶¶ 6-7, 11). Plaintiff asserts that Eisenberg, relying in part on the investigation conducted by Defendant Peyton, wrote to the FBI and the Assistant U.S. Attorney on January 13, 2003 claiming that plaintiff was involved in the threats to his clients (Complaint, ¶ 9). He alleges that Defendant Shomer rendered an opinion on plaintiff's appearance in the videotape, but does not specify the date of this opinion any more specifically than "late 2002 or early 2003" (Complaint, ¶ 11), and thus it is unclear whether Shomer's opinion was at all provided to the FBI. Nonetheless, plaintiff alleges that the FBI arrested him in Loveland, Colorado on February 13, 2003 implying the arrest was because of Peyton and Shomer's actions, that he thereafter had to defend himself against criminal charges for seven months, and that as a result of the arrest, his

employment with Agilent Technologies was terminated. Complaint, ¶ 12. In his response to Defendants' Motion to Dismiss, Mr. Moore further appears to argue that defendants are subject to jurisdiction and meet the test of "purposefully directing" their activities towards Colorado because he claims that he worked at Hewlett-Packard in Loveland, Colorado and because he "has lived and worked in Colorado (and continues to) during the time when Defendant's acts of negligence occurred." (Opposition at 2-3). Thus, he contends the exercise of jurisdiction here is authorized by Colorado's long-arm statute.

The Magistrate Judge rejected plaintiff's argument because for the long-arm statute to apply to defendants, the alleged tortious act must have been committed within the State of Colorado. Recommendation at 7. Plaintiff does not dispute that Peyton and Shomer performed their work entirely in California and reported the results thereof to Jon Eisenberg in California. Plaintiff, nonetheless, contends jurisdiction is proper here because the alleged conduct in California resulted in his arrest, prosecution and job loss in Colorado (Complaint ¶ 12). However, in *Wenz* the court stated that "the fact that plaintiff resides in Colorado and experiences some economic consequences here is insufficient to confer jurisdiction on a Colorado court." *Wenz, supra.* 55 F.3d at 1508, quoting from *Amax Potash Corp. v. Trans-Resources, Inc.,* 817 P.2d 598, 600 (Colo. App. 1991). Moreover, even if the injury occurs in Colorado, that "injury must be direct, not consequential and remote." *Id.*, again quoting from *Amax Potash*.

The Magistrate Judge found that plaintiff's arrest in Colorado "was arguably only one impact" of Eisenberg's contact with the FBI, and that plaintiff's arrest only occurred in Colorado because he happened to be a resident of Colorado (Recommendation at 8-9). The Magistrate Judge correctly determined that under the applicable law the alleged injury in Colorado was not direct, but at best consequential and remote, and that no tortious act was committed in Colorado. Thus the Colorado long-arm statute does not provide for the exercise of personal jurisdiction over these defendants in Colorado.

Moreover, the Due Process Clause of the United States Constitution precludes haling defendants into a Colorado court. *Mr. Steak, Inc. v. District Court*, 574 P.2d 95, 96 (Colo. 1978). Under the applicable due process test, the defendants must have at least minimum purposeful contacts with the State of Colorado so that the exercise of jurisdiction over them would not offend traditional notions of fair play and justice. For the reasons set forth above, and for the reasons set forth by the Magistrate Judge, this Court finds that the defendants did not have the minimum contacts with the State of Colorado sufficient to satisfy the requirements of due process.

In addition, the Magistrate Judge recommended dismissal of plaintiff's complaint for failure to make service upon any of the John Doe defendants despite the pleading have been on file for more than ten months. The Court agrees that this failure warrants dismissal of the complaint against the John Doe defendants.

As noted above, in his opposition brief the plaintiff made a request in his concluding paragraph that "in lieu of dismissal" this case be transferred to the District

Court located in Santa Ana, California.  Interpreting this *pro se* plaintiff's request as a motion for transfer of venue under 28 U.S.C. § 1404(a), the Magistrate Judge found that such a transfer should only be made on a showing that such transfer is proper. (Recommendation at 13).

This Court agrees with the result reached by Magistrate Judge, but for a different reason.  When a plaintiff is requesting that his case be transferred to another district to avoid dismissal for lack of jurisdiction, the request is properly analyzed under 28 U.S.C. §1631, rather than 28 U.S.C. § 1404(a).  *See Goodwin v. Star Trans Inc.*, 2005 WL 3021954 at *2 (D. Colo., Nov. 9, 2005).  As Judge Daniel stated there, 28 U.S.C. §1631 pertains to transfers to cure for want of jurisdiction and allows such transfers if found to be "in the interest of justice."  The decision whether to transfer the case is within the trial court's discretion.  *Id.*  At least the following three factors are to be considered in deciding whether a transfer is in the interest of justice: 1) whether the claims would be barred by a statute of limitations if filed anew in the proper forum, (2) whether the claims alleged are likely to have merit, and (3) whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.  *Young v. State Government of Oklahoma*, 98 Fed. Appx. 760, 763-64 (10th Cir., Apr. 27, 2004).

Here, plaintiff's attempt to effect a transfer does not address any of these factors.  There is no indication in the record that plaintiff's claims would be barred by a statute of limitations if filed anew, nor can this Court determine whether the claims are likely to have merit.  Finally, it is clear that this Court lacked in personam jurisdiction

over the defendants. As plaintiff sets forth no express reasons why a transfer should be effected here, the Court does not find that the interest of justice supports such a transfer. This case may well belong in the courts in California; but if plaintiff wishes to pursue his case he should refile it in the proper court in that state.

**CONCLUSION**

The Court has conducted the requisite review of the issues, the record, and the Recommendation of the Magistrate Judge in accordance with F.R.Civ.P. 72(b) and 28 U.S.C. § 636(b(1). Based on this review, the Court concludes that the recommendation is a correct application of the facts and the law. Accordingly, it is

ORDERED that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. # 7) is GRANTED. It is

FURTHER ORDERED that Plaintiff's Motion in the Alternative to Transfer the Action to the United States District Court in the District of Southern California in Santa Ana, California under 28 U.S.C. § 1404 (Dkt. #11) is DENIED. It is

FURTHER ORDERED that defendants' request for attorney fees and costs in filing their motion to dismiss is DENIED. It is

FURTHER ORDERED that this Complaint and action be DISMISSED in its entirety.

DATED: April 12, 2006.

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge